# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO:

LENARD MINOR, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),

v.

AJAS ENTERPRISES, INC.
d/b/a THE FISH GRILL,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, LENARD MINOR ("Plaintiff") on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, AJAS ENTERPRISES, INC. d/b/a THE FISH GRILL ("Defendant" or "The Fish Grill"), for its failure to pay federal overtime wages to all restaurant cooks, and alleges the following:

## INTRODUCTION

1. During the previous three (3) years, Defendant misclassified Plaintiff and all other similarly situated individuals as independent contractors to avoid federal overtime wage obligations under the Fair Labor Standards Act ("FLSA") when these individuals worked more than forty (40) hours in a workweek.

2. As a result of this intentional and willful misclassification, Defendant deprived Plaintiff and dozens of other employees the federal overtime wages they were owed during the course of the previous three (3) years.

3. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff and all other similarly situated employees as a result of Defendant's misclassification of restaurant chefs and servers.

## PARTIES

4. During all times material hereto, Plaintiff was a resident of the state of Florida, over the age of 18 years, and otherwise *sui juris*.

5. During all times material hereto, Defendant, Ajas Enterprises, Inc. d/b/a The Fish Grill, was a Florida for-profit corporation located and transacting business in Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court.

6. Defendant is headquartered at 441 S.E. 3rd Street, Suite 208 in Dania Beach, Florida 33004.

7. Defendant's restaurant "The Fish Grill" is located at 75 N. Federal Highway, Dania Beach, FL 33004, within the jurisdiction of this Honorable Court.

8. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff and all other restaurant cooks at The Fish Grill.

9. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

10. The acts and/or omissions giving rise to this dispute took place within Fort Lauderdale, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

12. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## FLSA COVERAGE

13. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)*.

14. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, vinegar sauce, shrimp, beef, steak, bacon, potatoes, bread, hot sauce, cheese, buns, lettuce, olives, turkey, ranch sauce, ham, clams, snapper, cod, Maine lobster, muscles, calamari, mozzarella, ahi tuna, oysters, jalapenos,

herbs, spices, eggs, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, milk, water bottles, and other materials that had previously travelled through interstate commerce, etc.

15. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials similar as Plaintiff, thus making Defendant an enterprise covered by the FLSA.

16. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 during the years of 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

17. During his employment with Defendant, Plaintiff performed non-exempt work, did not have supervisory authority over any individuals, did not make decisions of importance on behalf of Defendant, and was not required to possess any advanced training, skill, or education in order to perform any of his duties and responsibilities as a cook for Defendant.

18. During all material times hereto, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

19. Plaintiff worked for Defendant as a full time, non-exempt cook from in or around August 2021 until on or about January 2, 2023.

20. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a cook. Plaintiff's duties included, but were not limited to prepping food and sauces, cooking food, plating food, cleaning the kitchen, and washing dishes.

21. Defendant paid Plaintiff $17/hour until on or about January 2, 2022.

22. Defendant paid Plaintiff $18/hour from on or about January 3, 2022 until on or about July 3, 2022.

23. Defendant paid Plaintiff $20/hour from on or about July 4, 2022 until on or about August 14, 2022.

24. From on or about September 15, 2022 until Plaintiff's last day of employment with Defendant on or about January 2, 2023, Defendant paid Plaintiff a flat salary of approximately $1,050.00 per week.

25. Plaintiff's primary duties did not change when Defendant switched Plaintiff from hourly pay to salary pay.

26. Moreover, during Plaintiff's employment period, Plaintiff typically worked approximately 65-70 hours per week.

27. From the time he was hired until on or about September 14, 2022, Defendant paid Plaintiff his hourly wage for his first forty (40) hours of work per week. However, Defendant also paid Plaintiff additional straight-time pay for all of Plaintiff's work in excess of forty (40) hours per week in cash. This additional money is not reflected on Plaintiff's pay stubs.

28. Nevertheless, when Defendant began paying plaintiff on a salary basis on or about September 15, 2022, Defendant ceased to pay Plaintiff any additional money for the hours he worked in excess of forty (40) per week.

29. Defendant misclassified Plaintiff as an exempt employee under the FLSA from on or about September 15, 2022 until his last day of employment on or about January 2, 2023.

30. Plaintiff rarely, if ever, exercised true discretionary powers in connection with matters of significance.

31. Plaintiff was not relatively free from supervision in connection with matters of significance at work.

32. Plaintiff was not required to have any advanced training or prolonged course of specialized intellectual instruction as a condition to gaining employment with Defendant.

33. Plaintiff was not required to obtain a particular academic degree before becoming employed by Defendant.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff seeks to represent the following collective of employees who have also fallen victim to Defendants' unlawful pay policies:

> **All Restaurant Cooks who were not paid overtime wages for their work over forty (40) hours per week for any workweek within the previous three (3) years.**

35. Members of the collective are treated equally and similarly in that they were denied overtime wages as a result of Defendant's unlawful policy which only compensated non-exempt restaurant cooks straight time pay for their hours worked in excess of forty (40) per week until on or about September 14, 2022.

36. Members of the collective are treated equally and similarly in that they were denied overtime wages as a result of Defendant's unlawful policy which misclassified restaurant cooks as exempt from September 15, 2022 through the present.

37. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every restaurant cook who has worked in excess of forty (40) hours per week during any workweek within the previous three (3) years.

38. Defendant has employed dozens of restaurant cooks at its restaurant who were not paid overtime wages as a result of Defendant's unlawful pay policies.

39. Plaintiff and the collective members were subjected to the same employment policies at the same restaurant during the previous three (3) years.

40. Plaintiff and the collective members performed the same or similar job duties for Defendant and were not compensated federally mandated overtime wages during the previous three (3) years.

41. Defendant failed to keep accurate time and pay records for Plaintiff and all collective members.

42. Defendant's pay records uniformly misrepresent the number of hours actually worked by Plaintiff and the collective members.

43. Indeed, Defendant's pay records do not reflect the hours and additional cash compensation that was paid to Plaintiff and all other restaurant cooks for their work in excess of forty (40) hours per week.

44. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 216(b)**

45. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 44 as though set forth fully herein.

46. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

47. Plaintiff claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during his employment period.

48. Defendant refused to pay Plaintiff one-and-one-half times his regular hourly rate for his hours of work over forty (40) in one or more weeks of his employment.

49. Defendant knew or should have known of the work Plaintiff performed for Defendant that exceeded forty (40) hours during his employment period.

50. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

WHEREFORE, Plaintiff, LENARD MINOR, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, AJAS ENTERPRISES, INC. d/b/a THE FISH GRILL, and award Plaintiff and the collective members: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LENARD MINOR, demands a trial by jury on all appropriate claims.

**Dated: April 28, 2023**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 1017746
Jordan@usaemploymentlawyers.com
michael@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 28, 2023.

By: <u>/s/ Jordan Richards</u><br>
JORDAN RICHARDS, ESQUIRE<br>
Florida Bar No. 108372

## SERVICE LIST: